

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Opinion No. O-5712
Re: Liability to criminal prose-
cution of person who knowing-
ly and willfully makes a false
statement in an affidavit taken
before a county tax assessor-
collector or his deputies under
the authority of Articles 7246a
and 7252, V.A.C.S.

Your opinion request of November 13, 1943, reads in part as follows:

". . . we would appreciate your advising this
Department if in the event we accepted applications
for certificate of title where the acknowledgments
have been taken by a County tax assessor-collector
or his deputies and issued certificates of title on
such applications, whether the applicant for certi-
ficate of title, whose acknowledgment was taken by
the tax assessor-collector or his deputy, would be
subject to criminal prosecution in the event he will-
fully and knowingly made any false statements in his
application for certificate of title in the same
manner as if the acknowledgment were taken before
a notary public."

In our Opinion No. O-5689 we held that if your de-
partment requires affidavits in connection with the applica-
tions provided for in Section 27 of the Certificate of Title
Act (applications for certificates of title) and that if your
department does not specifically designate the persons before
whom such affidavits shall be taken, such affidavits may be
taken by any tax assessor-collector or by his deputies. This
conclusion was derived from Articles 7246a and 7252, V.A.C.S.,
which Articles empower these officials "to administer all oaths

Honorable D. C. Greer, page 2

necessary for the discharge of the duties of their respective offices, and to administer all oaths required for the transaction of business of their respective offices."

Both the perjury statute, Article 302, P. C., and the false swearing statute, Article 310, P. C., provide severe criminal penalties for anyone who is convicted of deliberately and willfully making false statements under a "legally administered" oath or affirmation. Neither of these statutes makes a distinction between an oath administered by a notary public and an oath administered by any other authorized person; their sole requirement in this respect is that the oath be "legally administered." Since we have previously held that a county tax assessor-collector or his deputies may administer oaths of the type under discussion, we feel that oaths so administered are "legally administered" within the meaning of the above cited statutes.

Consequently, you are respectfully advised that any person who knowingly and willfully makes a false statement in an affidavit taken before a county tax assessor-collector or his deputies under the authority of Articles 7246a and 7252 is subject to criminal prosecution. You are further advised that the offense of making such statements and the punishment therefor are precisely the same regardless of whether such statements be made before a notary public or before a tax assessor-collector or his deputies.

Trusting that the foregoing satisfactorily answers your inquires, we are

Very truly yours

APPROVED AUG 28, 1940

ATTORNEY GENERAL OF TEXAS

Gerald C. Mann

By R. Dean Moorhead

R. Dean Moorhead
Assistant

RDM:db

APPRO
OPIN
COMMI
BY BL